JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Assiah Phinisee, a minor, by and through Rasheena Phinisee, parent & natural guardian & Rasheena Phinisee, in her own right

## DEFENDANTS
The United States of America

(b) County of Residence of First Listed Plaintiff: **Philadelphia**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Derek R. Layser, Esquire, Layser & Freiwald, P.C., 1500 Walnut Street, 18th Floor, Philadelphia, PA 19102; phone: 215-875-8000

Attorneys (If Known)
Susan Becker, Esquire, Assistant U.S. Attorney, Eastern District of Pennsylvania, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY / PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | X 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 190 Other Contract | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| REAL PROPERTY | CIVIL RIGHTS / PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights | ☐ 463 Habeas Corpus - Alien Detainee | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 USC 2679 - FTCA Medical Malpractice Action
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE: 3/22/10
SIGNATURE OF ATTORNEY OF RECORD: [signature]

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Assiah Phinisee, a minor, by and through Rasheena Phinisee, parent & Natural Guardian and Rasheena Phinisee, in her own right <br> v. <br> The United States of America | : CIVIL ACTION <br> : <br> : NO. <br> : <br> : |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.     ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

_3/22/10_ _____  _____(signature)_____  _____
**Date**              **Attorney-at-law**          **Attorney for Plaintiff**

_215-875-8000_         _215-875-8575_              _drl@layserfreiwald.com_
**Telephone**          **FAX Number**              **E-Mail Address**

**(Civ. 660) 10/02**

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: _748 Marlyn Road, Apt 2, Philadelphia, PA 19151_

Address of Defendant: _U.S. Government_

Place of Accident, Incident or Transaction: _Philadelphia, PA_
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))   Yes☐   No ☒

Does this case involve multidistrict litigation possibilities?   Yes☐   No ☒
RELATED CASE, IF ANY:
Case Number: _____ Judge _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐   No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐   No ☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐   No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐   No ☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☒ Other Personal Injury (Please specify) FTCA Medical Malpractice
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*

I, _Derek R. Layser, Esquire_, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _3/22/10_   _____   _54938_
                  Attorney-at-Law             Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _3/22/10_   _____   _54938_
                  Attorney-at-Law             Attorney I.D.#

CIV. 609 (6/08)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSIAH PHINISEE, a Minor, by and through RASHEENA PHINISEE, the Parent and Natural Guardian, and RASHEENA PHINISEE, In her own right<br>748 Marlyn Road, Apt 2<br>Philadelphia, PA 19151<br><br>Plaintiff(s),<br><br>vs.<br><br>The UNITED STATES OF AMERICA<br><br>Defendant. | :<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>:  NO.<br>:<br>:<br>:<br>: |

## COMPLAINT – CIVIL ACTION

1. At all times hereinafter mentioned the plaintiffs resided in the State of Pennsylvania and currently reside at the address listed above.

2. RASHEENA PHINISEE is the mother of ASSIAH PHINISEE.

3. RASHEENA PHINISEE and ASSIAH PHINISEE received medical care, treatment, and examinations from KATI GRAHAM- PARKER, CRNP at times indicated in the medical records and at times described hereinafter at **6120-B Woodland Avenue, 2nd Floor, Philadelphia, PA 19143.**

4. While RASHEENA PHINISEE and ASSIAH PHINISEE were under the care of KATI GRAHAM- PARKER, CRNP, KATI GRAHAM- PARKER, CRNP had a duty to provide care and treatment in accordance with good and acceptable medical practice.

5. In a "Notice of Determination" dated May 15, 2009, United States Attorney

LAURIE MAGID, made a determination that KATI GRAHAM- PARKER, CRNP is an employee of the defendant United States of America as an employee of the Public Health Service.

6. At all times hereinafter mentioned, The Family Practice and Counseling Network, The Health Annex was and is clinic operated by the defendant United States of America.

7. In a "Notice of Determination" dated May 15, 2009, United States Attorney LAURIE MAGID, made a determination that The Family Practice and Counseling Network, The Health Annex is deemed an employee of the defendant United States of America as an employee of the Public Health Service.

8. While RASHEENA PHINISEE and ASSIAH PHINISEE were under their care, The Family Practice and Counseling Network, The Health Annex, this clinic had a duty to provide care and treatment in accordance with good and acceptable medical practice.

9. At all times hereinafter mentioned, the Abbottsford Family Practice & Counseling Network was and is operated by the defendant United States of America.

10. In a "Notice of Determination" dated May 15, 2009, United States Attorney LAURIE MAGID, made a determination that the Abbottsford Family Practice & Counseling Network is an employee of the defendant United States of America as an employee of the Public Health Service.

11. While RASHEENA PHINISEE and ASSIAH PHINISEE were under the care of the Abbottsford Family Practice & Counseling Network, the Abbottsford Family Practice & Counseling Network had a duty to provide care and treatment in accordance with good and acceptable medical practice.

12. Certificates Of Merit pursuant to Pa.R.C.P. 1042.3 are attached as to the defendant and each individual and entity named in this Complaint.

### PLAINTIFFS HAVE EXHAUSTED ADMINISTRATIVE REMEDIES UNDER THE PROVISIONS OF THE FEDERAL TORTS CLAIMS ACT, 28 U.S.C. SECTION 2679

13. By use of a Standard Forms 95, dated March 24, 2009, Plaintiffs each properly filed Federal Torts Claims Act [hereinafter FTCA] Claims.

14. United States Postal Return receipts indicate that these FTCA claim forms were properly received by the defendant United States of America on April 6, 2009.

15. By letter dated April 9, 2009, Office of the General Counsel, General Law Division of the Department of Health and Human Services acknowledged receipt of both FTCA claim forms and assigned a claim number of 09-0259-0260.

16. By letters dated June 16 and September 8, 2009, Office of the General Counsel, General Law Division of the Department of Health and Human Services requested medical records. Plaintiffs complied with the requests.

17. As of the date of this Complaint, Plaintiffs have not been provided with a decision regarding their claims by any representative of the United States of America.

18. More than 6 months having passed from when the defendant's acknowledged receipt of the FTCA claims, it is now proper for the Plaintiffs to initiate this lawsuit.

### FACTUAL ALLEGATIONS

19. KATI GRAHAM- PARKER, CRNP was an agent, servant and/or employee of The Family Practice and Counseling Network, The Health Annex, the Abbottsford Family Practice & Counseling Network, or its sub-entities, and also of the defendant United States of America during all times relevant to this complaint.

20. Based upon the "Notice of Determination" dated May 15, 2009, United States Attorney LAURIE MAGID, KATI GRAHAM- PARKER, CRNP is an employee of the defendant United States of America as an employee of the Public Health Service.

21. The Family Practice and Counseling Network, The Health Annex and the Abbottsford Family Practice & Counseling Network, based upon the "Notice of Determination" dated May 15, 2009, by United States Attorney LAURIE MAGID, are employees of the defendant United States of America as employees of the Public Health Service.

22. KATI GRAHAM- PARKER, CRNP provided medical care and treatment to RASHEENA PHINISEE for a presumed urinary tract infection on May 15, 2008.

23. At the office visit on May 15, 2008, KATI GRAHAM- PARKER, CRNP, knew and made note of the fact that RASHEENA PHINISEE was the mother of the then 6-day-old ASSIAH PHINISEE, who was born on May 9, 2008.

24. At the office visit on May 15, 2008, KATI GRAHAM- PARKER, CRNP, knew and made note of the fact that RASHEENA PHINISEE was breast-feeding the then 6-day-old ASSIAH PHINISEE.

25. At the office visit on May 15, 2008, KATI GRAHAM- PARKER, CRNP, knew and made note of the fact that 6-day-old ASSIAH PHINISEE was jaundiced and ordered a bilirubin test therefore.

26. At the office visit on May 15, 2008, KATI GRAHAM- PARKER, CRNP, knew or should have known that RASHEENA PHINISEE had no known allergies to any antibiotics.

27. Therefore, at the office visit on May 15, 2008, KATI GRAHAM- PARKER,

CRNP, knew or should have known that for her presumed urinary tract infection, RASHEENA PHINISEE could have and should been treated with any number of antibiotics that would have been safe for a mother breast-feeding a 6-day-old neonate.

28. At the office visit on May 15, 2008, KATI GRAHAM- PARKER, CRNP, prescribed a 7-day course of treatment with MACROBID 100MG CAPLETS to be taken by RASHEENA PHINISEE twice per day for 7 days.

29. At the office visit on May 15, 2008, KATI GRAHAM- PARKER, CRNP, knew or should have known that MACROBID was known to cross over into the nursing baby, ASSIAH PHINISEE, through her mother's breast milk.

30. At the office visit on May 15, 2008, KATI GRAHAM- PARKER, CRNP, knew or should have known that MACROBID is known to cause liver damage in nursing infants, particularly when these nursing infants are less than 1 month old.

31. At the office visit on May 15, 2008, KATI GRAHAM- PARKER, CRNP, knew or should have known that MACROBID is contraindicated in pregnant patients at term (38-42 weeks gestation), during labor and delivery or when the onset of labor is imminent; and most particularly that the drug should not be given to a mother who is nursing a neonate under one month of age.

32. Despite that she knew or should have known that MACROBID was dangerous to ASSIAH PHINISEE's liver, KATI GRAHAM- PARKER, CRNP, nonetheless negligently prescribed MACROBID as described above in paragraph 28.

33. KATI GRAHAM- PARKER, CRNP did not discuss with RASHEENA PHINISEE the known risks associated with giving MACROBID to a nursing mother, particularly of a neonate of an age less than 1 month.

34. KATI GRAHAM- PARKER, CRNP did not discuss with RASHEENA PHINISEE the alternative antibiotics that could have and should have been prescribed for RASHEENA PHINISEE's presumed urinary tract infection: antibiotics to which RASHEENA PHINISEE was not allergic and which would have presented no danger to her then 6-day old nursing daughter, ASSIAH PHINISEE.

35. KATI GRAHAM- PARKER, CRNP did not discuss with RASHEENA PHINISEE the alternative that if MACROBID was necessary, RASHEENA PHINISEE could have and should have simply stopped breast-feeding while MACROBID was in her system.

36. At the office visit on May 15, 2008, KATI GRAHAM- PARKER, CRNP, knew and made note of the fact that RASHEENA PHINISEE had a Breast Pump that KATI GRAHAM- PARKER, CRNP had prescribed for RASHEENA PHINISEE.

37. KATI GRAHAM- PARKER, CRNP did not discuss with RASHEENA PHINISEE that stopping breast-feeding for seven days was a simple matter of feeding the baby formula, while continuing to pump breast milk (which would be thrown away) so as to keep the mother lactating and allowing thereby the mother to continue breast-feeding as soon as the MACROBID was out of her system.

### ALLEGATIONS OF DAMAGE AND INJURY FOR WHICH RECOVERY IS SOUGHT

38. As a direct and proximate result of above negligence, the minor plaintiff ASSIAH PHINISEE, was caused to sustain severe and irreparable personal injury, pain and suffering, and damage consisting of insult, injury and irreversible damage to her liver, permanent damage which has in the past and is expected in the future to impair the ability of ASSIAH PHINISEE to function in regard to all functions normally performed by her liver.

ASSIAH PHINISEE has been forced to undergo numerous operations as reflected in the medical records, including but not limited to a liver transplant, and has already and will continue to suffer all of the consequences and sequeli that are known to accompany a liver transplant now and into the future, for the remainder of her natural live.

39. As a direct and proximate result of the breaches herein enumerated, the plaintiff ASSIAH PHINISEE, was caused to sustain pain and suffering, inability to enjoy the normal functions of life, loss of earning capacity with loss of fringe benefits derived from employment, medical and hospital expenses, and all of the aforesaid damage has impacted on ASSIAH PHINISEE psychological and emotional well-being and caused ASSIAH PHINISEE frustration and general psychological damage.

## COUNT 1
### NEGLIGENCE AS TO RASHEENA PHINISEE AND ASSIAH PHINISEE ON THE PART OF KATI GRAHAM- PARKER, CRNP
An Employee of the Public Health Service and the Defendant United States of America

40. The allegations of all preceding paragraphs are incorporated as if set forth in full herein.

41. KATI GRAHAM- PARKER, CRNP, employee of the defendant United States of America, was careless and negligent and rendered medical care and treatment to RASHEENA PHINISEE AND ASSIAH PHINISEE not in accordance with good and accepted medical practice consisting of:

    a. Prescribing a 7-day course of treatment with MACROBID 100MG CAPLETS to be taken by RASHEENA PHINISEE twice per day for 7 days when KATI GRAHAM- PARKER, CRNP knew or should have known that giving such medication to a mother known to be nursing a neonate less than one month of age presented a serious risk of severe and permanent damage to the neonate's liver.

b. Failing to discuss the known risks of MACROBID to ASSIAH PHINISEE with her mother, RASHEENA PHINISEE.

c. Failing to discuss the known alternative antibiotic treatments that were available and were known not to present a risk to the 6-day-old nursing neonate, ASSIAH PHINISEE.

d. Failing to prescribe an alternative antibiotic that would have presented <u>no</u> risk to the 6-day-old nursing neonate, ASSIAH PHINISEE.

e. Failing to tell RASHEENA PHINISEE to stop breast-feeding while she was on MACROBID.

f. Failing to discuss with RASHEENA PHINISEE that stopping breast-feeding for seven days was a simple matter of feeding the baby formula, while continuing to pump breast milk (which would be thrown away) so as to keep the mother lactating and allowing thereby the mother to continue breast-feeding as soon as the MACROBID is out of her system.

42. The amount demanded as damages exceeds $150,000.00 and exceeds the jurisdictional amount requiring arbitration.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount to be determined by the Court together with the costs of this action.

COUNT 2
VICARIOUS LIABILITY AS TO RASHEENA PHINISEE AND ASSIAH PHINISEE
ON THE PART OF
The Family Practice and Counseling Network, The Health Annex
<u>An Employee of the Public Health Service and the Defendant United States of America</u>

43. The allegations of all preceding paragraphs are incorporated as if set forth in full herein.

44. The Family Practice and Counseling Network, The Health Annex which has been determined in a "Notice of Determination" dated May 15, 2009, by United States Attorney LAURIE MAGID, that The Family Practice and Counseling Network, The Health Annex is an employee of the defendant United States of America as an employee of the Public Health Service, and is vicariously liable for the actions of its officers, shareholders, employees or agents who have been named in this Complaint while those individuals were providing professional services to RASHEENA PHINISEE AND ASSIAH PHINISEE.

45. The vicarious liability of The Family Practice and Counseling Network, The Health Annex and therefore the defendant United States of America is the proximate cause of the injuries for which recovery is sought.

46. The amount demanded as damages exceeds $150,000.00 and exceeds the jurisdictional amount requiring arbitration.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount to be determined by the Court together with the costs of this action.

COUNT 3
VICARIOUS LIABILITY AS TO RASHEENA PHINISEE AND ASSIAH PHINISEE
ON THE PART OF
The Abbottsford Family Practice & Counseling Network
An Employee of the Public Health Service and the Defendant United States of America

47. The allegations of all preceding paragraphs are incorporated as if set forth in full herein.

48. The Abbottsford Family Practice & Counseling Network which has been determined in a "Notice of Determination" dated May 15, 2009, by United States Attorney LAURIE MAGID, that the Abbottsford Family Practice & Counseling Network is an employee of the defendant United States of America as an employee of the Public Health

Service, and is vicariously liable for the actions of its officers, shareholders, employees or agents who have been named in this Complaint while those individuals were providing professional services to RASHEENA PHINISEE AND ASSIAH PHINISEE.

49. The vicarious liability of the Abbottsford Family Practice & Counseling Network, and therefore the United States of America is the proximate cause of the injuries for which recovery is sought.

50. The amount demanded as damages exceeds $150,000.00 and exceeds the jurisdictional amount requiring arbitration.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount to be determined by the Court together with the costs of this action.

## COUNT 4
### VICARIOUS LIABILITY AS TO RASHEENA PHINISEE AND ASSIAH PHINISEE ON THE PART OF the Defendant UNITED STATES OF AMERICA

51. The allegations of all preceding paragraphs are incorporated as if set forth in full herein.

52. The UNITED STATES OF AMERICA in a "Notice of Determination" dated May 15, 2009, by United States Attorney LAURIE MAGID, has determined that KATI GRAHAM- PARKER, CRNP, The Family Practice and Counseling Network, The Health Annex, and the Abbottsford Family Practice & Counseling Network are all employees of the defendant United States of America as an employees of the Public Health Service. As such, the defendant UNITED STATES OF AMERICA has accepted its liability for the negligence of these named employees who have been named in this Complaint while those individuals were providing professional services to RASHEENA PHINISEE AND ASSIAH PHINISEE.

53. In a "Notice of Determination" dated May 15, 2009, United States Attorney LAURIE MAGID, specifically stated: "[P]ursuant to 42 U.S.C. Section 233(1)(1), the Attorney General of the United States, by and through his designee, Laurie Magid, United States Attorney for the Eastern District of Pennsylvania, has determined that defendants, The Health Annex Family Practice and Counseling Network, Abbottsford Family Practice & Counseling Network, and Kati Graham-Parker, are deemed to be employees of the of the Public Health Service with respect to the actions or omissions that are the subject of the above captioned action." [Said action being a suit filed in the Court of Common Pleas for Philadelphia County, which action was thereafter removed to this Honorable Court, the United States District Court, Eastern District of Pennsylvania.]

54. The vicarious liability of the defendant UNITED STATES OF AMERICA is the proximate cause of the injuries for which recovery is sought.

55. The amount demanded as damages exceeds $150,000.00 and exceeds the jurisdictional amount requiring arbitration.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount to be determined by the Court together with the costs of this action.

## COUNT 5
### PARENTAL CLAIM OF RASHEENA PHINISEE
### AGAINST ALL DEFENDANTS

56. The allegations of all preceding paragraphs are incorporated as if set forth in full herein.

57. As a result of the aforesaid the plaintiff, RASHEENA PHINISEE, makes a claim against the defendant UNITED STATES OF AMERICA for medical expenses and for loss of services of ASSIAH PHINISEE and any other parental cause of action as may be

deemed just and proper.

58. The amount demanded as damages exceeds $150,000.00 and exceeds the jurisdictional amount requiring arbitration.

WHEREFORE, the plaintiff demands judgment against the defendant in an amount to be determined by the Court together with the costs of this action.

                                            **SPENCER & ASSOCIATES**

                                            GILBERT G. SPENCER
                                            I.D. No. 67828
                                            2 Penn Center Plaza, Suite 200
                                            Philadelphia, PA 19102
                                            (215) 875-2300

                                            **LAYSER & FREIWALD, P.C.**

                                            DEREK R. LAYSER
                                            I.D. No. 54938
                                            1500 Walnut Street, 18th Floor
                                            Philadelphia, PA 19102
                                            (215) 875-8000

March 22, 2010

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

ASSIAH PHINISEE, A Minor, By And Through
RASHEENA PHINISEE, The Parent And Natural Guardian,
and RASHEENA PHINISEE, In her own right,

Plaintiff(s),

VS.

The UNITED STATES OF AMERICA,

Defendant.

SPENCER & ASSOCIATES
GILBERT G. SPENCER, ESQ.
Attorneys for the Plaintiffs, ID. NO. 67828
2 PENN CENTER PLAZA, Suite 200
PHILADELPHIA, PA 19102
(215) 875-2300

CERTIFICATE OF MERIT AS TO
Defendant
The UNITED STATES OF AMERICA

I, GILBERT G. SPENCER, JR., Certify that:

    The claim that The UNITED STATES OF AMERICA deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard. An appropriate licensed professional has supplied to the undersigned a written statement that there is a basis to conclude that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of this complaint by these other licensed professionals fell outside acceptable professional standards and that such conduct was a cause in bringing about harm.

GILBERT G. SPENCER, JR., ESQ.
2 PENN CENTER PLAZA, Suite 200
PHILADELPHIA, PA 19101
(215) 875-2300

Dated: Wednesday, March 10, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ASSIAH PHINISEE, A Minor, By And Through
RASHEENA PHINISEE, The Parent And Natural Guardian,
and RASHEENA PHINISEE, In her own right,

Plaintiff(s),

VS.

The UNITED STATES OF AMERICA,

Defendant.

SPENCER & ASSOCIATES
GILBERT G. SPENCER, ESQ.
Attorneys for the Plaintiffs
ID. NO. 67828
2 PENN CENTER PLAZA, Suite 200
PHILADELPHIA, PA 19102
(215) 875-2300

### CERTIFICATE OF MERIT AS TO
### KATI PARKER-GRAHAM, CRNP
### Employee of Public Health Service and Defendant United States of America

I, GILBERT G. SPENCER, JR., Certify that:

 An appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of this complaint by KATI PARKER-GRAHAM, CRNP fell outside acceptable professional standards and that such conduct was a cause in bringing about harm.

           GILBERT G. SPENCER, JR., ESQ.
           2 PENN CENTER PLAZA, ste. 200
           PHILADELPHIA, PA 19101
           (215) 875-2300

Dated: Wednesday, March 10, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ASSIAH PHINISEE, A Minor, By And Through
RASHEENA PHINISEE, The Parent And Natural Guardian,
and RASHEENA PHINISEE, In her own right,

Plaintiff(s),

VS.

The UNITED STATES OF AMERICA,

Defendant.

SPENCER & ASSOCIATES
GILBERT G. SPENCER, ESQ.
Attorneys for the Plaintiffs, ID. NO. 67828
2 PENN CENTER PLAZA, Suite 200
PHILADELPHIA, PA 19102
(215) 875-2300

CERTIFICATE OF MERIT AS TO
The Family Practice and Counseling Network-The Health Annex
Employee of Public Health Service and Defendant United States of America

I, GILBERT G. SPENCER, JR., Certify that:

    The claim that The Family Practice and Counseling Network-The Health Annex deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this federal clinic is responsible deviated from an acceptable professional standard. An appropriate licensed professional has supplied to the undersigned a written statement that there is a basis to conclude that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of this complaint by these other licensed professionals fell outside acceptable professional standards and that such conduct was a cause in bringing about harm.

                                      GILBERT G. SPENCER, JR., ESQ.
                                      2 PENN CENTER PLAZA, Suite 200
                                      PHILADELPHIA, PA 19101
                                      (215) 875-2300

Dated: Wednesday, March 10, 2010

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

ASSIAH PHINISEE, A Minor, By And Through
RASHEENA PHINISEE, The Parent And Natural Guardian,
and RASHEENA PHINISEE, In her own right,

Plaintiff(s),

VS.

The UNITED STATES OF AMERICA,

Defendant.

SPENCER & ASSOCIATES
GILBERT G. SPENCER, ESQ.
Attorneys for the Plaintiffs, ID. NO. 67828
2 PENN CENTER PLAZA, Suite 200
PHILADELPHIA, PA 19102
(215) 875-2300

CERTIFICATE OF MERIT AS TO
The Abbottsford Family Practice & Counseling Network
Employee of Public Health Service and Defendant United States of America

I, GILBERT G. SPENCER, JR., Certify that:

    The claim that the Abbottsford Family Practice & Counseling Network deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this network is responsible deviated from an acceptable professional standard. An appropriate licensed professional has supplied to the undersigned a written statement that there is a basis to conclude that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of this complaint by these other licensed professionals fell outside acceptable professional standards and that such conduct was a cause in bringing about harm.

GILBERT G. SPENCER, JR., ESQ.
2 PENN CENTER PLAZA, Suite 200
PHILADELPHIA, PA 19101
(215) 875-2300

Dated: Wednesday, March 10, 2010