IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSIAH PHINISEE, A Minor, by and through RASHEENA PHINISEE, the Parent and Natural Guardian, and RASHEENA PHINISEE, in her own right, : : : : : Plaintiffs, : v. : : UNITED STATES OF AMERICA, : : Defendant. : | Civil Action No. 10-1253 |

## ORDER

It is hereby ORDERED that defendant's motion to enforce the settlement agreement is GRANTED. It is FURTHER ORDERED that, in accordance with the settlement agreement reached on April 19, 2012, defendant United States of America shall pay the plaintiffs, Rasheena Phinisee and Assiah Phinisee, a total of $1,200,000. This settlement agreement resolves all claims in the above-captioned civil action between Rasheena Phinisee, Assiah Phinisee and the United States of America.

The Clerk of the Court shall mark this action as DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
HONORABLE JACOB P. HART
*Magistrate Judge, United States District Court*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSIAH PHINISEE, A Minor, by and through RASHEENA PHINISEE, the Parent and Natural Guardian, and RASHEENA PHINISEE, in her own right, : : : : : | |
| Plaintiffs, : | Civil Action No. 10-1253 |
| v. : : | |
| UNITED STATES OF AMERICA, : : | |
| Defendant. : | |

## MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

The United States of America, by its counsel Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Susan R. Becker and David A. Degnan, Assistant United States Attorneys, respectfully moves for an order enforcing the settlement agreement reached between the United States of America and plaintiffs Rasheena Phinisee and Assiah Phinisee on April 19, 2012.

Respectfully submitted,

ZANE DAVID MEMEGER
United States Attorney

_/s/ (signature)_
MARGARET HUTCHINSON
Chief, Civil Division

_/s/ Susan R. Becker_
SUSAN R. BECKER
DAVID A. DEGNAN
Assistant United States Attorneys
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
(215) 861-8310

Date: May 15, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASSIAH PHINISEE, A Minor, by and through RASHEENA PHINISEE, the Parent and Natural Guardian, and RASHEENA PHINISEE, in her own right, | : : : : : |
| Plaintiffs, | : Civil Action No. 10-1253 |
| v. | : : |
| UNITED STATES OF AMERICA, | : : |
| Defendant. | : |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO ENFORCE THE SETTLEMENT AGREEMENT

The United States of America, by its counsel Zane David Memeger, United States Attorney for the Eastern District of Pennsylvania, and Susan R. Becker and David A. Degnan, Assistant United States Attorneys, respectfully moves for an order enforcing the settlement agreement reached between the United States of America and plaintiffs Rasheena Phinisee and Assiah Phinisee on April 19, 2012. Under the supervision of the Honorable Thomas J. Rueter, the United States of America and plaintiffs Rasheena Phinisee and Assiah Phinisee (a minor, by and through her mother, Rasheena Phinisee) participated in a successful mediation on April 19, 2012. At the conclusion of this mediation, plaintiffs and the United States reached a legally binding settlement agreement.

To date, plaintiffs have not responded to the government's overtures to execute the settlement papers. Consequently, the government respectfully requests that this Court enforce the settlement reached by the parties on April 19, 2012.

I.  **FACTS**

On April 19, 2012, the parties and the Honorable Thomas J. Rueter engaged in a mediation in an effort to resolve this case without further litigation. This mediation lasted nearly an entire day. During the course of the day, Judge Rueter met with the parties together and also met privately numerous times with counsel, as well as plaintiff, Rasheena Phinisee. Numerous offers and counteroffers were made through Judge Rueter. The government's last offer of $1.2 million was communicated to Judge Rueter during an *ex parte* meeting with counsel for the United States. Following that offer, Judge Rueter met privately with counsel for plaintiffs, as well as Ms. Phinisee. Following these meetings, at the conclusion of the mediation, plaintiffs accepted the government's offer of $1.2 million to resolve all claims in this case. Judge Rueter informed the Court that an agreement had been reached and counsel for all parties subsequently met with the Court in chambers and confirmed that an agreement had been reached. On April 19, 2012, the Court entered an order (Dkt. No. 43) placing the case in civil suspense because counsel had informed the Court that the case had been settled.

The government drafted settlement papers and, on April 26, 2012, provided them to the defendants' attorneys. See United States' email to plaintiffs' counsel (attached hereto as Exhibit A) enclosing the stipulation and release (attached hereto as Exhibit B) memorializing the agreement reached on April 19, 2012. On April 26, 2012, undersigned counsel spoke with plaintiffs' counsel, Derek Layser, by telephone. At this time, Mr. Layser indicated that Ms. Phinisee was reluctant to sign the settlement papers. On April 27, 2012, plaintiffs' counsel sent a letter (attached hereto as Exhibit C) to the Court requesting a conference to discuss "recent developments with Ms. Phinisee." On May 1, 2012, undersigned counsel again spoke with Mr.

2

Layser by telephone. Mr. Layser stated his belief that the parties had reached a settlement agreement on April 19, 2012. He further indicated that Ms. Phinisee maintained her dissatisfaction with the settlement amount and refused to sign the settlement papers.

On May 7, 2012, Ms. Phinisee filed several documents – apparently on her own and without the assistance of plaintiffs' counsel: a Praecipe and Power of Attorney for Termination (Dkt. No. 45); a Petition to Remand (Dkt. No. 46); and a Motion to Terminate Counsel as Acting Attorney of Record (Dkt. No. 47).[1] In the Praecipe (attached hereto as Exhibit D), Ms. Phinisee registered her "[d]issatisfaction of the offered Award" in this case. In the Petition to Remand (attached hereto as Exhibit E), Ms. Phinisee claims that she was "misinformed" by her counsel during the mediation and purports to "reject the amount presented." Through the Motion to Terminate Counsel (attached hereto as Exhibit F), Ms. Phinisee seeks leave of the Court to discharge as her counsel Gilbert Spencer, Derek Layser, and Joseph Marano. In that motion, Ms. Phinisee states that she "disagree[s] with the settlement amount" and repeats her allegation that her counsel provided her with "misinformation" during the course of the settlement negotiations. Id.

## II. ARGUMENT

### A. Standard of Review

Settlement is a judicially favored manner to terminate litigation. See Petty v. General Accident Fire & Life Assurance Corp., 365 F.2d 419, 421 (3d Cir. 1966). It is well settled that

---

[1] In a May 8, 2012 order (Dkt. No. 48), the Court directed that any responses to Ms. Phinisee's motions be filed by May 16, 2012. Defendant believes that plaintiffs' counsel are the most appropriate respondents to these motions. To the extent a response is required by the United States, we respectfully request that this memorandum of law be considered as that response.

"[a] district court has 'inherent authority to enforce agreements settling litigation before it.'" McClure v. Township of Exeter, 2006 WL 2794173, at *1 (E.D. Pa. Sept. 27, 2006) (quoting New Castle County v. U.S. Fire Ins. Co., 728 F.Supp. 318, 319 (D. Del. 1989)). "Provided that the evidence demonstrates that the parties reached an agreement,[2] a district court can enforce the terms agreed upon by the parties." Id. A district court can enforce settlement agreements summarily, upon motion. Gross v. Penn Mutual Life Ins. Co., 396 F.Supp. 373, 374 (E.D.Pa. 1975); cf. Garabedian v. Allstates Engineering Co., 811 F.2d 802, 803 (3d Cir.1987) (a hearing may be needed if factual and credibility determinations are involved as to whether an attorney was authorized to enter into a settlement agreement on his client's behalf).

> B.   The Parties Reached a Binding Settlement Agreement

"An agreement to settle a lawsuit, which is voluntarily entered into, is binding upon the parties, whether or not made in the presence of the court, and even in the absence of a writing." Sanford v. Ciccone, 2009 WL 101693, at *8 (E.D.Pa. 2009); McClure, 2006 WL 2794173, at *2 (enforcing the verbal settlement agreement and holding that it was immaterial that the plaintiff refused to sign the settlement papers). To determine that a valid settlement agreement has been entered into, the Court must find that both parties mutually assented to the terms and conditions

---

[2] The question of whether a settlement occurred is governed by state law. Tiernan v. DeVoe, 923 F.2d 1024, 1032-33 (3d Cir.1991). Under Pennsylvania choice of law rules, "the applicable law is that of the place with the most significant relationship to the parties and the transaction." Id. In the present case, Pennsylvania is the forum state, the settlement negotiations occurred between counsel in Pennsylvania, and the settlement agreement was entered into in Pennsylvania. Additionally, all of the conduct alleged in the Complaint in this case occurred in Pennsylvania and is governed by Pennsylvania tort law. Therefore, in discussing the substantive issue of whether an agreement has been reached, the government has cited to cases applying Pennsylvania law. See Wyndmoor Learning Ctr. v. City of Wilmington, 1996 WL 117471, at *6 (E.D. Pa. Mar. 12, 1996).

4

of the settlement at the time the agreement was made. See <u>Wyndmoor Learning Ctr. v. City of Wilmington</u>, 1996 WL 117471, at *6 (E.D. Pa. Mar. 12, 1996). Counsel[3] can enter into a verbal settlement agreement which remains binding "even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing." <u>Pugh v. Super Fresh Food Markets, Inc.</u>, 640 F.Supp. 1306, 1308 (E.D.Pa. 1986); see also <u>Wyndmoor Learning Ctr.</u>, 1996 WL 117471, at *6 ("[A] settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing."); <u>Suber v. Peterson</u>, 2006 WL 1582312, *2-*4 (E.D. Pa. June 2, 2006) (plaintiff expressly authorized her attorney to enter into a settlement and plaintiff was bound to that agreement even though settlement never reduced to writing).

The facts show that the parties reached a settlement agreement. On April 19, 2012, Ms. Phinisee, as confirmed by Judge Rueter, agreed for her attorneys to accept the government's offer of $1.2 million to resolve all claims in this case. Indeed, Ms. Phinisee does not (and cannot) allege that plaintiffs' counsel lacked full authority to settle the case. On April 19, 2012, plaintiffs, through their counsel, accepted this offer and an agreement was reached. There is no

---

[3] Under Pennsylvania law, an attorney must have actual authority to bind a client. See <u>Covington v. Continental General Tire, Inc.</u>, 381 F.3d 216, 221 (3d Cir.2004). However, there can be no dispute that plaintiffs' attorney had authority to accept defendant's offer because Ms. Phinisee was present during the negotiations. Ms. Phinisee's willingness to accept the offer was confirmed by Judge Rueter. Additionally, Mr. Layser has subsequently advised undersigned counsel that he had complete authority to settle this case on April 19, 2012. See <u>Edwards v. Born, Inc.</u>, 792 F.2d 387, 390 (3d Cir. 1986) (the party disputing the settlement must prove that the attorney had "no right to consent to its entry"); <u>Garabedian v. Allstates Engineering Co.</u>, 811 F.2d 802, 803 (3d. Cir. 1987) (there is a presumption that any settlement entered into by an attorney has been authorized).

5

dispute that Ms. Phinisee assented to the terms of the offer extended by the government during the April 19, 2012 mediation. Indeed, nowhere in the three motions filed by Ms. Phinisee does she allege that she rejected the terms of the settlement. Rather, it appears that Ms. Phinisee has had a change of heart. This is evident in the recent filings, in which Ms. Phinisee: expresses "[d]issatisfaction with the award " (Dkt. No. 45); states that she "would like to reject amount presented" (Dkt. No. 46); and "disagree[s] with the settlement amount and inherent results" (Dkt. No. 47). Significantly, as noted above, nowhere does Ms. Phinisee claim that her attorneys lacked authority to enter into a settlement on plaintiffs' behalf. Instead, Ms. Phinisee now claims that she was "misinformed" by her attorneys and is thus "unsatisfied" with their work. However, Ms. Phinisee can point to no legal authority establishing this as a basis for disturbing a binding settlement to which all parties have agreed.

Settlement is a judicially favored manner to terminate litigation. See Petty v. General Accident Fire & Life Assurance Corp., 365 F.2d 419, 421 (3d Cir. 1966). Despite Ms. Phinisee's apparent change of heart, this Court should enforce the settlement agreement. Pugh v. Super Fresh Food Markets, Inc., 640 F. Supp. 1306, 1308 (E.D. Pa. 1986) (a verbal settlement agreement which remains binding "even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing."); Wyndmoor Learning Ctr. v. City of Wilmington, 1996 WL 117471, at *6 (E.D. Pa. Mar. 12, 1996) ("[A] settlement agreement is still binding even if it is clear that a party had a change of heart between the time he agreed to the terms of the settlement and when those terms were reduced to writing."). The parties agreed to settle this case in the presence of a judicial officer on April 19, 2012, and plaintiffs are bound by the terms of that settlement.

## III. CONCLUSION

For the aforementioned reasons, the government respectfully requests this Court enforce the settlement agreement entered into between the parties on April 19, 2012.

          Respectfully submitted,

          ZANE DAVID MEMEGER
          United States Attorney

          *Frank Farrey for*
          MARGARET HUTCHINSON
          Chief, Civil Division

          *Susan R. Becker*
          SUSAN R. BECKER
          DAVID A. DEGNAN
          Assistant United States Attorneys
          United States Attorney's Office
          615 Chestnut Street, Suite 1250
          Philadelphia, PA 19106
          (215) 861-8310
          Fax (215) 861-8618

Date: May 15, 2012

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of the foregoing motion to enforce the settlement agreement to be served by first class mail, postage prepaid, upon the following:

>Derek R. Layser, Esquire
>Layser & Freiwald, P.C.
>1500 Walnut Street
>Eighteenth Floor
>Philadelphia, PA 19102
>
>Gilbert G. Spencer, Esquire
>Spencer & Associates
>2 Penn Center Plaza
>Suite 200
>Philadelphia, PA 19102
>
>Rasheena Phinisee
>748 Marlyn Road
>Apartment 2
>Philadelphia, PA 19151

*Susan R. Becker*
SUSAN R. BECKER
Assistant United States Attorney

Dated: May 15, 2012