# EXHIBIT A

**Wilkins, Desiree (USAPAE)**

| | |
|---|---|
| **From:** | Wilkins, Desiree (USAPAE) |
| **Sent:** | Thursday, April 26, 2012 10:16 AM |
| **To:** | 'drl@layserFreiwald.com'; 'Gil Spencer'; 'Joseph Marano' |
| **Cc:** | Becker, Susan (USAPAE); Degnan, David (USAPAE) |
| **Subject:** | Phinisee - settlement agreement |

Mr. Layser:

Attached is the settlement agreement in the <u>Phinisee</u> case.  Please let us know if you have any questions.



Phinisee-settlem
ent-agreement_..

*Desiree Wilkins*
*Legal Assistant*
*United States Attorney's Office, EDPA*
*615 Chestnut Street, Suite 1250*
*Philadelphia, PA 19106*
*Phone: 215.861.8375*
*Fax: 215.861.8618*
*Email: desiree.wilkins@usdoj.gov*

1

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ASSIAH PHINISEE, A Minor, by and  :
through RASHEENA PHINISEE, the  :
Parent and Natural Guardian, and  :
RASHEENA PHINISEE,  :
in her own right,  :
                       :
           Plaintiffs,  :      Civil Action No. 10-1253
                       :
      v.  :
                       :
UNITED STATES OF AMERICA,  :
                       :
          Defendant.  :

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF
## FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned plaintiffs (meaning any person, other than the defendant and the attorneys, signing this agreement, whether or not a party to this civil action), and the United States of America, by and through their respective attorneys, as follows:

    1.    The parties do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Settlement Agreement.

    2.    Subject to the approval of the Attorney General or his designee, the United States of America agrees to pay the sum of **1.2 million dollars ($1,200,000)**, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown,

---

foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof, resulting, and to result, from the subject matter of this settlement, including any claims for wrongful death, for which plaintiffs or their guardians, heirs, executors, administrators, or assigns, and each of them, now have or may hereafter acquire against the United States of America, its agents, servants, and employees.

      3.     Plaintiffs and their guardians, heirs, executors, administrators or assigns hereby agree to accept the sums set forth in this Stipulation of Compromise Settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, including claims for wrongful death, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries, damage to property and the consequences thereof which they may have or hereafter acquire against the United States of America, its agents, servants and employees on account of the same subject matter that gave rise to the above-captioned action, including any future claim or lawsuit of any kind or type whatsoever, whether known or unknown, and whether for compensatory or exemplary damages. Plaintiffs and their guardians, heirs, executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the United States of America, its agents, servants, and employees from and against any and all such causes of action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from further litigation or the prosecution of claims by plaintiffs or their guardians, heirs, executors, administrators or assigns against any third party or against the United States, including claims for wrongful death.

      4.     This stipulation for compromise settlement is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its

agents, servants, or employees, and it is specifically denied that they are liable to the plaintiffs. This settlement is entered into by all parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

5.      It is also agreed, by and among the parties, that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiffs will be paid out of the settlement amount and not in addition thereto.

6.      It is also understood by and among the parties that pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

7.      The persons signing this Settlement Agreement warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the settlement, except that this Settlement Agreement is subject to approval by the Attorney General or his designee. In the event any plaintiff is a minor or a legally incompetent adult, the plaintiffs must obtain Court approval of the settlement at their expense. Plaintiffs agree to obtain such approval in a timely manner, time being of the essence. Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event plaintiffs fail to obtain such Court approval, the entire Stipulation For Compromise Settlement And Release and the compromise settlement are null and void.

8.    Payment of the settlement amount will be made by government wire transfer as per the following:

    A.    Name of Bank: ████████████

    B.    Street Address of Bank: ████████████

    C.    City, State and Zip Code of Bank: Philadelphia, PA 19102

    D.    Federal Reserve Number:

    E.    Routing Number: ████████

    F.    Name of Account: ████████████████

    G.    Account Number: ██████████

Plaintiffs' attorney agrees to distribute the settlement proceeds among the plaintiffs, and to obtain a dismissal of the above-captioned action with prejudice, with each party bearing its own fees, costs, and expenses.

9.    The parties agree that this Stipulation for Compromise Settlement and Release, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

10.    It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

Executed this ____ day of _____, 2012.

ZANE DAVID MEMEGER
United States Attorney

_____
Margaret L. Hutchinson
Assistant United States Attorney
Chief, Civil Division

_____
Susan R. Becker
Assistant United States Attorney

_____
David A. Degnan
Assistant United States Attorney

Attorneys for Defendant,
United States of America

Executed this ____ day of _____, 2012.

_____
Derek R. Layser, Esquire
Attorney for Plaintiffs

Executed this ____ day of _____, 2012.

_____
Rasheena Phinisee
Plaintiff and Parent and Natural Guardian of
Plaintiff Assiah Phinisee

# EXHIBIT C



# LAYSER & FREIWALD, P.C.
ATTORNEYS AT LAW

Derek R. Layser

April 27, 2012

**Via Facsimile (215) 580-2163**

Honorable Jacob P. Hart
United States District Court
 for The Eastern District of Pennsylvania
601 Market Street, Room 3006
Philadelphia, PA  19106

Re:   **Phinisee v. The United States of America**
      **United States District Court for the Eastern District of Pennsylvania**
      **No. 10-1253**

Dear Judge Hart:

       Based on recent developments with Ms. Phinisee, Mr. Spencer and I are requesting a conference with the Court as soon as possible.

       We are copying Ms. Phinisee and counsel on this request.

       Thank you for your time and consideration.

                                        Respectfully,

                                        DEREK R. LAYSER

DRL/ed
cc:    Honorable Thomas J. Rueter (via fax & regular mail)
       Susan Becker, Esquire (via email & regular mail)
       Ms. Rasheena Phinisee (via email & regular mail)

# EXHIBIT D

**CASE NUMBER: 2-10-CV-01253**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)
## CIVIL DOCKET FOR CASE NUMBER: 2-10-CV-01253

| Plaintiff(s) | : Defendant(s) |
| --- | --- |
| | : THE UNITED STATES OF AMERICA |
| **ASSIAH PHINISEE** | : |
| A MINOR, BY AND THROUGH | : |
| RASHEENA PHINISEE, PARENT AND | : |
| NATURAL GUARDIAN | : |
| | : CASE NUMBER: 2-10-CV-01253 |
| **Plaintiff(s)** | : |
| **RASHEENA PHINISEE** | : |
| IN HER OWN RIGHT         **V.** | : |

### ORDER

AND NOW this,_____day of_____,2012. Upon consideration of the Plaintiff's **PRAECIPE AND POWER OF ATTORNEY FOR TERMINATION** case 2-10-CV-01253. It is now ORDERED and DECREED that the Plaintiff's motion is GRANTED.

BY THE COURT:

_____
HONORABLE JACOB P. HART
MAGISTRATE JUDGE, U.S. DISTRICT COURT

**CASE NUMBER: 2-10-CV-01253**

### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)
### CIVIL DOCKET FOR CASE NUMBER: 2-10-CV-01253

| Plaintiff(s) | : Defendant(s) |
|---|---|
| | : THE UNITED STATES OF AMERICA |
| **ASSIAH PHINISEE** | : |
| A MINOR, BY AND THROUGH | : |
| RASHEENA PHINISEE, PARENT AND | : |
| NATURAL GUARDIAN | : |
| | : **CASE NUMBER: 2-10-CV-01253** |
| **Plaintiff(s)** | : |
| **RASHEENA PHINISEE** | : |
| IN HER OWN RIGHT            **V.** | : |

**PRAECIPE AND POWER OF ATTORNEY FOR TERMINATION TO THE CLERK OF SAID COURT:**

You are hereby authorized, empowered, and directed to enter, as indicated, the following on the records thereof:

**A.**

1. _____ The within suit is Settled, Discontinued, Ended and costs paid.
2. _____ The within suit is Settled, Discontinued, Ended WITH Prejudice and costs paid.
3. _____ The within suit is Settled, Discontinued, Ended WITHOUT Prejudice and
        costs paid.

• • • • •

**B.**

1. _____ Satisfaction of the Award in the within suit is acknowledged.
2. _____ Satisfaction of Judgment, with interest and costs, in the within matter is acknowledged.

• • • • •

**C.**

__X__ Dissatisfaction of the offered Award in the within suit, with interest and cost, in the within matter is
acknowledged.

**D.**

_____Other:

_____
WITNESS (if signer is other than
a registered attorney):

_____   5/7/12
Signature of authorizing party

_____      Rasheena Phinisee
Attorney of Notary                   Type or print name of above sign

Crystal A. Trotman

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Crystal A. Trotman - Notary Public
City of Philadelphia, Philadelphia County
MY COMMISSION EXPIRES AUG. 04, 2013

My Commission Expires August 4, 2013

# EXHIBIT E

CASE NUMBER: 2-10-CV-01253

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**
**CIVIL DOCKET FOR CASE NUMBER: 2-10-CV-01253**

| | |
|---|---|
| **Plaintiff(s)** | **: Defendant(s)** |
| | **: THE UNITED STATES OF AMERICA** |
| **ASSIAH PHINISEE** | : |
| A MINOR, BY AND THROUGH | : |
| RASHEENA PHINISEE, PARENT AND | : |
| NATURAL GUARDIAN | : |
| | **: CASE NUMBER: 2-10-CV-01253** |
| **Plaintiff(s)** | : |
| **RASHEENA PHINISEE** | : |
| IN HER OWN RIGHT        **V.** | : |

**ORDER**

AND NOW this,_____day of_____,2012. Upon consideration of the Plaintiff's **Petition to Remand** case 2-10-CV-01253. It is now ORDERED and DECREED that the Plaintiff's motion is GRANTED.

BY THE COURT:

_____
HONORABLE JACOB P. HART
MAGISTRATE JUDGE, U.S. DISTRICT COURT

CASE NUMBER: 2-10-CV-01253

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)
CIVIL DOCKET FOR CASE NUMBER: 2-10-CV-01253**

| Plaintiff(s) | : Defendant(s) |
| --- | --- |
| | : THE UNITED STATES OF AMERICA |
| **ASSIAH PHINISEE** | : |
| A MINOR, BY AND THROUGH | : |
| RASHEENA PHINISEE, PARENT AND | : |
| NATURAL GUARDIAN | : |
| | : CASE NUMBER: 2-10-CV-01253 |
| Plaintiff(s) | : |
| **RASHEENA PHINISEE** | : |
| IN HER OWN RIGHT        **V.** | : |

**PETITION TO REMAND CIVIL ACTION 2-10-CV-01253**

I, RASHEENA PHINISEE, the Plaintiff would like to request a petition to remand Civil Action 10-01253. After being misinformed by my counsel during settlement in regard to this case's Medicaid balance acting as a Lien and that the Plaintiff, Rasheena Phinisee, claims for wages loss had been motioned for dismissal. I the Plaintiff, would like to reject the amount presented or proceed to trial.

I, the Plaintiff, Rasheena Phinisee was misinformed about pertinent information pertaining to this case during the settlement hearing. Because of the omission of this information, I the Plaintiff, Rasheena Phinisee, believe that I was not able to make an informed decision during settlement.

Date: 5/7/12

PLAINTIFF, RASHEENA PHINISEE

# EXHIBIT F

CASE NUMBER: 2-10-CV-01253

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)
### CIVIL DOCKET FOR CASE NUMBER: 2-10-CV-01253

| Plaintiff(s) | : Defendant(s) |
|---|---|
| | : THE UNITED STATES OF AMERICA |
| **ASSIAH PHINISEE** | : |
| A MINOR, BY AND THROUGH | : |
| RASHEENA PHINISEE, PARENT AND | : |
| NATURAL GUARDIAN | : |
| | : **CASE NUMBER: 2-10-CV-01253** |
| **Plaintiff(s)** | : |
| **RASHEENA PHINISEE** | : |
| IN HER OWN RIGHT        **V.** | : |

## ORDER

AND NOW this,_____day of_____,2012. Upon consideration of the Plaintiff's **Motion to Terminate Counsel as Acting Attorney of Record** case 2-10-CV-01253. It is now ORDERED and DECREED that the Plaintiff's motion is GRANTED.

BY THE COURT:

_____
HONORABLE JACOB P. HART
MAGISTRATE JUDGE, U.S. DISTRICT COURT

**CASE NUMBER: 2-10-CV-01253**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)
## CIVIL DOCKET FOR CASE NUMBER: 2-10-CV-01253

| Plaintiff(s) | : Defendant(s) |
| --- | --- |
| | : THE UNITED STATES OF AMERICA |
| **ASSIAH PHINISEE** | : |
| A MINOR, BY AND THROUGH | : |
| RASHEENA PHINISEE, PARENT AND | : |
| NATURAL GUARDIAN | : |
| | : **CASE NUMBER: 2-10-CV-01253** |
| **Plaintiff(s)** | : |
| **RASHEENA PHINISEE** | : |
| IN HER OWN RIGHT          **V.** | : |

### Motion to Terminate Counsel as Acting Attorney of Record
v. MOTION TO TERMINATE COUNSEL
AS ACTING ATTORNEY OF RECORD 2-10-CV-01253

TO THE HONORABLE PRESIDING MAGISTRATE, OF THE EASTERN DISTRICT COURT OF PENNSYLVANIA OF THE UNITED STATES OF AMERICA:

I, RASHEENA PHINISEE, am respectfully requesting this court issue an order permitting my discharge of Gilbert Spencer, Derek Laser & Joesph Murano from representing appellant and for appointment of another attorney to represent appellant in this appeal. This request is made on the ground that   I, RASHEENA PHINISEE, the Plaintiff   am unsatisfied with my counsel's work during the settlement phase of Assiah's case.

My counsel's overt refusal to motion to remand this case after providing me, the plaintiff, with misinformation, is a clear indication that I need to seek new counsel.   Omission of pertinent information at this point, with so much at stake for the plaintiff's health and financial future is unacceptable.

Just as unacceptable is threatening to petition Guardian Ad Litem against me, the guardian and plaintiff, when it is obvious that my actions as Assiah's mother and only caregiver, during her grueling medical procedures and compiling the necessary information to build this case, has been and will always be in the best interest of the child.

Because I disagree with this settlement amount and inherent results, I wish to exercise my right to a fair trial, and as my counsel has expressed an unwillingness to go to trial. I, the plaintiff will seek new counsel else where.

Granting my request will not work an injustice, but will be in the best interest of the plaintiff. This is not a situation where the plaintiff would be prejudiced by the withdrawal of the present counsel and the appointment of a new attorney.

I therefore respectfully request that this court grant the request of the plaintiff to terminate any further representation from the existing counsel and that new counsel be appointed to represent the plaintiff in further proceedings

Until new counsel is appointed. I'm requesting that all motions, petitions and/or files in this case be

CASE NUMBER: 2-10-CV-01253

forwarded to me, RASHEENA PHINISEE, the Plaintiff, at the following address:

RASHEENA PHINISEE
748 MARLYN ROAD
APT 2
PHILADELPHIA, PA 19151
215-796-3007
r.phinisee@assiahsliverfund.org

Date: 5/7/12

PLAINTIFF, RASHEENA PHINISEE

**COMMONWEALTH OF PENNSYLVANIA**
**COUNTY OF:** _____

**Request for Official Records of the
Magisterial District Courts**

| |
|---|
| **Magisterial District Number:** |
| **MDJ Name:** |
| **Address:** |
| **Telephone:** ( ) |

**DATE OF REQUEST:**
_____

**APPLICANT CONTACT INFORMATION: (Please Print)**

NAME: Rasheena Phinisee      DAYTIME TELEPHONE: (215) 796 3007

ADDRESS: 748 Marlyn Road   Apt 2
Phila PA 19151

| CASE TYPE: (Check all that apply) | | |
|---|---|---|
| ☑ Civil | ☐ Criminal | ☐ Landlord/Tenant |
| ☐ Non-Traffic | ☐ Traffic | ☐ Miscellaneous |

**DESCRIBE INFORMATION REQUESTED: (See instructions on following page)**

_____

_____

_____

_____

_____

_____

| Official Use Only | CHARGE | Comments |
|---|---|---|
| Date Received | | |
| Tracking Number (if applicable) | Total Cost | |

MDJS 200-10                    Page 1 of 2

**INSTRUCTIONS FOR OBTAINING OFFICIAL CASE RECORDS OF THE MAGISTERIAL DISTRICT COURTS**

1. A requestor shall identify or describe the records sought with specificity to enable the court staff to ascertain which records are being requested. A request need not include any explanation of the requestor's reason for requesting or intended use of the records.

2. The requestor may submit the completed form to the appropriate magisterial district court. Incomplete forms may result in delayed access to the requested record(s).

3. Requestors may be charged reasonable fees for access to court records. Fees for photocopying shall not exceed $0.25 per page.

4. Requests will be completed as promptly as possible under the circumstances existing at the time of the request. If the court denies the request or must delay access, the court shall inform the requestor in writing of the specific reason(s) why access to the information is being delayed or denied.

5. If a request is denied by the court, the decision may be appealed to the president judge or designee within 15 business days of service of the written notification by the magisterial district court denying the request.

**For Court Use Only**

Your request was received on __ / __ / __ . In accordance with the *Public Access Policy of the Unified Judicial System of Pennsylvania: Official Case Records of the Magisterial District Courts*, please be advised that:

☐ this request is being returned to you because it does not contain sufficient information to evaluate your request. No further action will be taken unless you resubmit the request with additional information.

☐ the information/record does not exist.

☐ the information/record is not an official case record as defined by the Policy.

☐ the information/document is exempt from public access pursuant to the Policy.

☐ you have failed to properly complete the Request Form.

☐ Other _____

_____     5/7/12
Signature                                                         Date

**For Use by Requestor**

If you wish to appeal the decision set forth above, please complete this section and submit this entire form to the President Judge of the county or his/her designee within 15 business days of notification of the decision.

I, _____ , request that a review of the decision set forth above be made.

_____     _____
Signature                                                         Date