IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ASSIAH PHINISEE, a Minor, | : | CIVIL ACTION |
| by and through RASHEENA PHINISEE, | : | |
| the Parent and Natural Guardian, and | : | |
| RASHEENA PHINISEE, in her own right | : | |
| | : | |
| v. | : | |
| | : | |
| UNITED STATES OF AMERICA | : | NO. 10-1253 |

OPINION

JACOB P. HART                                              DATE:   September 4, 2012
UNITED STATES MAGISTRATE JUDGE

I.      Introduction

On August 6, 2012, following a hearing, the undersigned granted the motion filed by the United States of America to enforce a settlement reached between the parties at an April 19, 2012, settlement conference before the Honorable Magistrate Judge Thomas J. Rueter.  At the hearing, and in filed documents, Assiah Phinisee strongly argued that her attorneys had not informed her at or prior to the conference that the proceeds of the settlement in this action – a medical malpractice case filed by her on behalf of her daughter – would be subject to a Medicare lien.

In the written opinion accompanying my ruling, I wrote that I did not conclude that Phinisee was intentionally deceitful, but I found more credible the testimony of her two highly experienced medical malpractice attorneys that they had adequately informed Phinisee of the existence of the lien.  Phinisee, who was represented by new counsel at the hearing, now seeks reconsideration of my August 6, 2012, ruling.

I.      Legal Standard

The Court of Appeals for the Third Circuit has held that the "purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985), cert. denied 476 U.S. 1171 (1986).  For that reason, a motion for reconsideration will be granted only if the moving party can demonstrate one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available previously; or (3) the need to correct a clear error of law or fact to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999); Post Confirmation Trust for Fleming Companies, Inc. v. Friedland, Civ. A. No. 06-1118, 2006 WL 3484374 at *2 (E.D. Pa. Nov. 21, 2006).

A motion for reconsideration is not a proper vehicle in which to attempt to convince the court to rethink a decision it has already made.  Post Confirmation Trust, supra, citing Colon v. Colonial Intermediate Unit 20, 443 F. Supp.2d 659, 667 (M.D. Pa. 2006).

II.     Discussion

Phinisee's motion for reconsideration does not cite the proper legal standard, nor does it adhere to that standard.  Phinisee has not shown an intervening change in the law or the existence of new evidence which was not previously available, nor has she pointed to a clear error of law or fact.  Instead, she argues that her testimony was more credible than that of the two attorneys who represented her at the settlement conference.  She is simply arguing in slightly different language what she argued at the hearing.  Her motion, therefore, is an attempt to convince the court to rethink its decision.  As noted, this is not the function of a motion for reconsideration. See Post Confirmation Trust, supra, citing Colon v. Colonial Intermediate Unit 20, supra.

III.     Conclusion

For the reasons set forth above, Plaintiffs' Petition for Reconsideration of Opinion and Order Re: Enforcement of Settlement, docketed in this matter as Document No. 78, is denied in the attached Order.

BY THE COURT:

/s/Jacob P. Hart

_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE