IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ASSIAH PHINISEE, et al | : | CIVIL ACTION |
|  | : |  |
| v. | : |  |
|  | : |  |
| THE UNITED STATES OF AMERICA | : | NO. 10-cv-01253-RAL |
|  | : |  |

### MEMORANDUM OPINION

**RICHARD A. LLORET**
**U.S. MAGISTRATE JUDGE**
**Introduction**                                        **January 9, 2018**

In connection with Rasheena Phinisee's "Rule 60(b)(6) Motion for Relief," Doc. No. 103, and Mr. Aaron J. Freiwald's Petition for Appointment of a Guardian Ad Litem, Doc. No. 99, I directed that the parties and Ms. Phinisee file memoranda addressing certain questions. Doc. No. 108. I have reviewed the parties' submissions. *See* Doc. Nos. I will deny Rasheena Phinisee's "Rule 60(b)(6) Motion for Relief," Doc. No. 103, with prejudice. I will grant Mr. Freiwald's Petition for Appointment of Guardian Ad Litem, after I receive the parties' recommendations about an institution or attorney to serve in that capacity.

**Discussion**

Ms. Phinisee is A.P.'s mother and natural guardian. In 2014, while still represented by counsel, she agreed to settle this medical malpractice case on her minor child's behalf for $1.2 million. Later, she tried to back out of the settlement agreement, but her attempt was denied in a comprehensive opinion enforcing the settlement agreement. Doc. No. 75. Ms. Phinisee filed a motion for reconsideration, which was rejected. Doc. No. 78, 80. She appealed and lost. *See A.P. ex rel. Phinisee v. U.S.*, 556 Fed.Appx. 132, 137 (3d Cir. 2014) (upholding the enforcement of the settlement

agreement, and holding there was no evidence of fraud or mistake). She then sued her

attorney for malpractice, and lost. *See* Civ. No. 14-cv-03896, Doc. No. 38 (dismissal with

prejudice). She filed a motion for reconsideration of the order of dismissal, and lost. *Id.*

at Doc. No. 49. She lost her appeal of the attorney malpractice case. *Phinisee v. Layser,*

627 Fed.Appx. 118, 124 (3d Cir. 2015). The Third Circuit held that the fraud claims in

her legal malpractice case were barred because they had already been litigated and

resolved against her during the dispute about enforcing the settlement of her medical

malpractice claim. *Id.*

      In August of 2017, just a few days shy of five years after entry of the order enforcing

settlement, Ms. Phinisee returned to this case and filed a Rule 60(b) motion. Doc. No. 95.

She then amended the motion. Doc. No. 96. The motion was denied by Judge Hart. Doc.

No. 98. After Mr. Freiwald filed a petition for appointment of a guardian ad litem, Doc.

No. 99, and the case was reassigned to my docket, Doc. No. 100, Ms. Phinisee filed

another motion for reconsideration under Rule 60(b)(6). Doc. No. 103. The motion comes

more than five years after the order enforcing settlement, and more than three years after

the court of appeals affirmed the order enforcing settlement. Doc. No. 94-95.

      Ms. Phinisee brought her most recent Rule 60(b) motion *pro se.* "[A] non-

attorney parent must be represented by counsel in bringing an action on behalf of his or

her child." *Osei-Afriyie v. Medical College of Pennsylvania*, 937 F.2d 876, 882-883 (3d

Cir. 1991). The Third Circuit reasoned that it is the minor's claim that is at stake, and it

is the minor who is entitled to the benefit of counsel; a parent may not waive this right

on behalf of the infant. *Id.* at 883. "As courts have explained, 'to maintain a suit in a

federal court, a child or mental incompetent must be represented by a competent adult,

ordinarily a parent or relative. . . . But though [the competent adult] may bring [] suit on

the [child's] behalf, [s]he may not do so without counsel.'" *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.,* 42 Fed. Appx. 535, 536 (3d Cir. 2002) (not precedential) (quoting *Johnson v. Collins,* 5 Fed. Appx. 479 (7th Cir. 2001)). For this reason alone, Ms. Phinisee's motion should be dismissed. Yet this is not the only reason.

To reopen a final judgment under Rule 60(b), the motion must show "extraordinary circumstances [.]" *Gonzalez v. Crosby,* 545 U.S. 524, 535 (2005). Rule 60(b)(6); *Coltec Industries, Inc. v. Hobgood,* 280 F.3d 262, 273 (3d Cir. 2002) (the rule "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances[]") (citations and internal quotation omitted). Ms. Phinisee's motion does not make "a showing of exceptional circumstances." *Id.* She is merely "trying to escape the effects of a bargain [she] regretted in hindsight. . ." *Id.*

Ms. Phinisee has shown none of the factors the court of appeals has identified as germane to such a motion: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (citation omitted). Ms. Phinisee's motion is just a rehash of allegations she has raised previously. These allegations were rejected by two district court judges and two panels of the court of appeals. I reject them as well. Her claims are meritless.

Her motion is also untimely. A Rule 60(b) motion "must be made within a reasonable time . . . after the entry of the judgment or order." F.R.C.P. 60(c). Factors such as the reason for the delay, whether the moving party could have learned earlier about the grounds for the motion, whether the time is prejudicial to the other parties,

and the nature and finality of the judgment or order, are relevant to the question whether the motion was made "within a reasonable time." *In re Diet Drugs*, 383 Fed. Appx. 242, 246 (3d Cir. 2010). For Rule 60(b)(1), (2), and (3), the time limit is one year. *Id.* Ms. Phinisee filed her most recent motion more than five years after the entry of the district court's order enforcing settlement, Doc. No. 76, and more than three years after the court of appeals affirmed the order enforcing settlement. Doc. No. 94. Ms. Phinisee is nearly four years out of time under 60(b)(1), (2), or (3).

Rule 60(b)(6) does not have a specific time limit, but "a claimant must establish exceptional circumstances justifying the delay for filing under Rule 60(b)(6)." *Id.* All four of the *Diet Drugs* factors cut against Ms. Phinisee and in favor of denying her motion as time-barred. First, she has supplied no reason at all, never mind a good one, for filing this motion after so many years. Second, there is nothing materially new in the motion. Third, there has been significant prejudice occasioned by Ms. Phinisee's delay, in particular, prejudice to her own child, who has been deprived of the special needs trust and its *corpus* by virtue of Ms. Phinisee's refusal to follow through on the settlement agreement. Fourth, this case was settled years ago, and the settlement was challenged and upheld shortly thereafter. There is a strong public policy in favor of enforcing the terms of a valid settlement, all the more one that provided for significant benefits to a child. *See Ballard ex rel. Ballard v. Philadelphia School Dist.*, 273 Fed.Appx. 184, 187 (3d Cir. 2008) (not precedential) (quoting *D.R. v. E. Brunswick Bd. of Educ.,* 109 F.3d 896, 901 (3d Cir. 1997). *Pacta sunt servanda,* especially old *pacta* upheld repeatedly against a furious set of challenges.

For these reasons, I will deny Ms. Phinisee's motion (Doc. No. 103) with prejudice.

Mr. Freiwald has filed a petition for appointment of a guardian *ad litem.* Doc. No. 99. Under Rule 17(c)(2), "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." The Third Circuit has found that the responsibility for determining whether a situation warrants appointment of a guardian ad litem "appears generally to be left to the discretion of the district courts." *Powell v. Symons*, 680 F.3d 301, 303 (3d Cir. 2012). Given Ms. Phinisee's adamant refusal to carry out the terms of the settlement agreement, appointment of a guardian ad litem is appropriate.

I will appoint a guardian *ad litem* to represent the interests of Assiah Phinisee in this litigation. I will give the United States, Mr. Freiwald and Ms. Phinisee time to recommend persons or entities that would be able and willing to serve in that capacity. I will also require Mr. Freiwald to prepare and file an accounting of the monies held in escrow.

BY THE COURT:

*s/Richard A. Lloret*
RICHARD A. LLORET
UNITED STATES MAGISTRATE JUDGE