IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| A.P., et al | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| THE UNITED STATES OF AMERICA | : | NO. 10-cv-01253-RAL |
| | : | |

**MEMORANDUM & ORDER**

Ms. Rasheena Phinisee, the minor plaintiff's mother, has filed yet another in a long line of post-settlement and post-judgment requests seeking to overturn the settlement agreement in this case. Doc. No. 146. Her "petition" asks me to reconsider and vacate the Order I recently entered (Doc. No. 145) appointing McAndrews Law Office, P.C. as guardian-ad-litem for the limited purpose of effecting the terms of the settlement.

As I have remarked previously, Ms. Phinisee does not have the right, as a non-attorney, to represent her minor child *pro se*. *See* Memorandum Opinion, Doc. No. 113, at 2-3, quoting from *Pinkney v. City of Jersey City Dep't of Hous. & Econ. Dev.*, 42 Fed. Appx. 535, 536 (3d Cir. 2002) (not precedential) (*quoting Johnson v. Collins*, 5 Fed. Appx. 479 (7th Cir. 2001)). The substance of Ms. Phinisee's most recent petition is largely a re-hash of meritless and out-of-time arguments made in previous filings. *See, e.g.* Doc. Nos. 101-104, 111-12, 120-21, 123, 126, 128, 131, 133, 135-138.

I denied Ms. Phinisee's motion to overturn the settlement in January of this year. Doc. No. 114. That ruling was upheld by the Third Circuit. Doc. No. 125. The present motion is meritless. I held a hearing before appointing the McAndrews Law Office, P.C. Doc. No. 134. At the hearing Ms. Phinisee was given the opportunity to explain why I

should not appoint a guardian-ad-litem to carry out the terms of the settlement. Doc. No. 144 (audio recording of hearing). Ms. Phinisee made a showing of her love for her minor daughter, and her attentiveness and competence as a mother. Nevertheless, I was certain, by the end of the hearing, that the best interests of her minor daughter will be served by the appointment of a qualified law firm to act as guardian-ad-litem in effecting the terms of the settlement agreement.

Ms. Phinisee also seeks appointment of counsel, but has failed to satisfy the threshold requirement for appointment of counsel, under 28 U.S.C. §1915(e)(1). (Doc. No. 147, requesting appointment of counsel). *See Montgomery v. Pinchak*, 294 F.3d 492, 498–99 (3d Cir. 2002) (the party seeking appointment must establish that her claim has some "arguable merit in fact and law" (citation omitted)). Ms. Phinisee's claims have no merit, arguable or otherwise. Her claims have been decided against her. The decision has been affirmed on appeal. Her post-appeal request for reconsideration has been decided against her, and that decision was affirmed on appeal.

The Court of Appeals has "cautioned that courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." *Id.* at 499. Ms. Phinisee's continued attempts to litigate her long lost position are frivolous, and should not be facilitated by appointing volunteer counsel to represent her.

I take this opportunity to warn Ms. Phinisee that I will not indulge her "continu[ed] abuse of the judicial process by filing meritless and repetitive actions." *Brow v. Farrelly*, 994 F.2d 1027, 1038 (3d Cir. 1993). If Ms. Phinisee does not stop filing frivolous papers in this case, the All Writs Act, 28 U.S.C. § 1651(a), "enables the District Court to issue . . . injunctions to preclude abusive, groundless and vexatious

litigation. *See In re Oliver,* 682 F.2d 443, 445 (3d Cir.1982)." *Id.*; *see Danihel v. Office of President*, 640 Fed.Appx. 185, 190 (3d Cir. 2016) (not precedential) (affirming an order that prohibited abusive filings by a *pro se* litigant). Time taken with Ms. Phinisee's serial filings is time taken away from litigants who have non-frivolous disputes.

> "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald,* 489 U.S. 180, 184, 109 S.Ct. 993, 996, 103 L.Ed.2d 158 (1989) *(per curiam).*

*Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3 (1992) (barring prospective filings by a *pro se* litigant who had filed a series of meritless petitions). I may also consider sanctions under Federal Rule of Civil Procedure 11, including monetary sanctions, if Ms. Phinisee continues to file frivolous papers with the Court.[1]

For good cause shown, it is on this 28th day of November, 2018,

## ORDERED

that Ms. Phinisee's Petition (Doc. No. 146) is **DENIED**.

**IT IS FURTHER ORDERED,** that Ms. Phinisee's motion for appointment of counsel (Doc. No. 147) is **DENIED.**

---

[1] *See Emerick v. Norfolk Southern Ry. Co.*, 2006 WL 2792217, at *2 (W.D.Pa. 2006):

> A survey of recent Rule 11 cases suggests that sanctions are most appropriate when a litigant's conduct is overly vexatious or represents a pattern of behavior. *See, e.g., Toll v. Am. Airlines Inc.,* 166 Fed. Appx. 633, 637 (3d Cir.2006) (affirming Rule 11 sanctions against a pro se litigant with a demonstrated history of bringing meritless lawsuits); *Eisenstein v. Ebsworth,* 148 Fed. Appx. 75, 78 (3d Cir.2002) (affirming Rule 11 sanctions against a pro se litigant whose meritless lawsuits had delayed the equitable distribution of a marital estate for over a decade); *Carlino v. Gloucester City High Sch.,* 44 Fed. Appx. 599, 601 (3d Cir. 2002) (affirming sanctions against counsel who filed claims barred by statute and who "flagrant[ly] fail[ed] to conduct any legal research").

The Clerk of Court will ensure that this Order is mailed to Ms. Phinisee's address of record.

*s/Richard A. Lloret*
RICHARD A. LLORET
UNITED STATES MAGISTRATE JUDGE