# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| | : | |
| A.P., et al | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | No. 10-1253 |
| THE UNITED STATES OF AMERICA | : | |

## MEMORANDUM

**Schiller, J.**                                                                                    **January 8, 2019**

Ms. Rasheena Phinisee, the minor plaintiff's mother, has filed a "Motion to Vacate Under 28 U.S.C. § 636(c)(4)" (Doc. No. 150), and an "Amended Motion to Vacate Under 28 U.S.C. § 636(c)(4)" (Doc. No. 154). Title 28 United States Code Section 636(c)(4) provides that "[t]he court may, for good cause shown on its own motion, or under extraordinary circumstances shown by any party, vacate a reference of a civil matter to a magistrate judge under this subsection." Because I was the District Judge who referred the matter to a Magistrate Judge (Doc. No. 10), I will rule on the motion and amended motion to vacate the reference.

Ms. Phinisee consented "to have a United States Magistrate Judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings" more than eight years ago. (Doc. No. 10) The Magistrate Judge's jurisdiction was not challenged in her original opposition to the United States' motion to enforce settlement. (Doc. No. 73) The Order enforcing settlement was appealed, and the Court of Appeals affirmed. (Doc. No. 94) Ms. Phinisee sought post-judgment relief after her appeal was denied. The Magistrate Judge denied her motion for post-judgment relief. (Doc. No. 114) Ms. Phinisee appealed without contesting the Magistrate Judge's jurisdiction to hear the case. The Court of Appeals affirmed the Order denying post-judgment relief. (Doc. No. 125)

In addition to having consented to the jurisdiction of the Magistrate Judge, any objection to the exercise of the Magistrate Judge's jurisdiction has been waived through Ms. Phinisee's conduct in filing appeals twice in this case without raising the jurisdiction of the Magistrate Judge. *See Roell v. Withrow*, 538 U.S. 580, 590 (2003) (consent can be implied by the failure to object to magistrate judge's exercise of jurisdiction through the entire course of proceedings, including entry of judgment). Her present objection to the Magistrate Judge's jurisdiction has been waived.

Her motion to vacate is also meritless and frivolous. Ms. Phinisee has not made a showing of "extraordinary circumstances," as required by 28 U.S.C. § 636(c)(4). Her position is that she, herself, never actually consented to the jurisdiction of a Magistrate Judge, that Mr. Layser (who signed the Consent to Magistrate form, Doc. No. 10) was "not an attorney of mine," and that the consent to a Magistrate Judge's jurisdiction should not be enforced. (Doc. No. 154 at 2−3) Ms. Phinisee claims that Mr. Spencer, but not Mr. Layser, was her attorney. (*Id.* at 3) Ms. Phinisee's contention is false.

Mr. Layser was counsel of record for Ms. Phinisee and her minor child at the time the Consent to Magistrate form was filed. (Doc. No. 10) He signed the Complaint, filed on March 22, 2010, along with Mr. Spencer. (Doc. No. 1 at 15) He is listed as Ms. Phinisee's attorney on the Civil Cover Sheet filed with the Complaint. (Doc. No. 1 at 1) When Ms. Phinisee filed a *pro se* "Motion to Terminate Counsel as Acting Attorney of Record," Ms. Phinisee represented that Mr. Layser was her attorney of record. (Doc. No. 47 at 2) Ms. Phinisee signed the "Motion to Terminate" herself. (*Id.* at 3) The Motion to Terminate was filed on May 7, 2012, nineteen months after the Consent to Magistrate Judge form was filed. I find that her assertion in the Motion to Terminate was true: Mr. Layser was her attorney of record at that time. I find that Mr.

Layser had the authority, as the attorney of record, to consent on behalf of Ms. Phinisee and her minor child to the jurisdiction of the Magistrate Judge in October of 2010, when he signed the Consent to Magistrate form. (*See* Doc. No. 10) Ms. Phinisee's most recent assertion, that Mr. Layser "was not an attorney of mine" (Doc. No. 154 at 3) when the Consent to Magistrate Judge form was filed, is false. An appropriate Order will be docketed separately.